**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|                              |   |                      |
|------------------------------|---|----------------------|
|                              | ) |                      |
|                              | ) |                      |
|                              | ) |                      |
| In re: Richard P. SIMONE     | ) | 3:23-CV-1679 (OAW)   |
|                              | ) |                      |
|                              | ) |                      |
|                              | ) |                      |

**RULING DISMISSING APPEAL**

**THIS CAUSE** is before the court upon Appellant's Motion for Leave to Appeal ("Motion for Leave"), *see* ECF No. 2, and Appellees' Motion to Dismiss ("Motion to Dismiss," and together with the Motion for Leave, "Motions"), *see* ECF No. 19. The court has reviewed the Motions and the record in this matter and is thoroughly advised in the premises. For the following reasons, the Motion for Leave is **DENIED** and the Motion to Dismiss is **GRANTED**.[1]

I.  **BACKGROUND**[2]

This is an appeal from an underlying adversarial proceeding currently pending before the United States Bankruptcy Court for the District of Connecticut. That underlying

_____

[1] The court finds that the briefs are thorough and complete and that there is no need for oral argument on the Motion. Therefore, the request for oral argument is denied. See D. Conn. L. Civ. R. 7(a)(3) ("Notwithstanding that a request for oral argument has been made, the Court may, in its discretion, rule on any motion without oral argument.").

[2] The facts herein are taken from the bankruptcy court's summation of the facts in its ruling on Appellees' motion for summary judgment in the underlying proceeding, which is available at docket entry 515 of the bankruptcy action's docket, bankruptcy case number 19-02005. It is incorporated into the docket of this appeal through the transmission of the bankruptcy appeal record, which is docketed at ECF No. 15.

proceeding challenges a bankruptcy action that Mr. Simone initiated in 2018. The complaint in the underlying adversarial proceeding alleges that Mr. Simone perpetrated a fraud upon the plaintiffs by inducing them to "invest" $495,000 (collectively) into a real estate opportunity in Dubai, which opportunity never materialized (and allegedly never even existed). Appellees argued that Mr. Simone had defrauded them, and therefore the money taken from them constituted a debt that either could not or should not be discharged in his bankruptcy action. They stated six separate theories for relief, each in a different count, and each relating to a different provision of the Bankruptcy Code.

After a lengthy discovery period (made so in part by Mr. Simone's inability to produce almost any relevant documentation), the plaintiffs moved for summary judgment on all their claims. While that motion was still pending, the bankruptcy court allowed Appellees to amend their complaint to assert a seventh count for civil damages. Also while summary judgment was under review, Appellees moved for sanctions and attorneys' fees for Mr. Simone's allegedly dilatory and evasive discovery production.

The court granted both motions. With respect to the motions for sanctions, the court agreed with Appellees that Mr. Simone had not participated in good faith in the discovery process, having failed to produce any original documentation (and hardly any documentation at all), including any documents that reasonably would have been retained in relation to an investment. Even the documents he did produce appeared contradictory and of dubious authenticity. Further, the bankruptcy court noted that Mr. Simone had changed his story about the Dubai investment multiple times, concluding that he had demonstrably lied about what had occurred. Accordingly, the court found that Appellees were entitled both to their attorneys' fees and to an adverse presumption that the

2

information contained in the unproduced documents would have been unfavorable to Mr. Simone.

By separate ruling, the court granted summary judgment in favor of Appellees on their six original claims, concluding that the debt was not dischargeable in bankruptcy and that it should not be discharged because of Mr. Simone's fraudulent conduct.  The court found that Mr. Simone had failed to raise a genuine dispute as to any material fact in that he was unable to produce any original documentation (and almost no documentation at all) to corroborate his ever-changing claims.  The ruling did not address the seventh claim the plaintiffs first alleged in the amended complaint.

Mr. Simone moved for reconsideration of each ruling, which the court denied. Appellees submitted evidence of the fees incurred to address the discovery issues allegedly created by Mr. Simone.  After review, the court awarded fees in an amount of roughly $90,000 (approximately half of the requested amount).  Mr. Simone moved for further reduction, alleging that he was unable to pay the sum.  The court held a hearing on that issue and found that Mr. Simone was able to pay the amount awarded.

Mr. Simone has filed four separate appeals of various orders issued by the bankruptcy court in the adversarial action.  This case objects to the denial of Appellant's motion to dismiss the seventh claim (for civil damages).  Appellees have moved to dismiss, arguing that the district court lacks jurisdiction over the appeals.

## II.   **LEGAL STANDARD**

It is axiomatic that federal courts have limited jurisdiction and must dismiss actions where subject matter jurisdiction is absent.  *See Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d. Cir. 2011).  A party seeking to bring a case in federal court has the burden of showing that there is federal subject matter jurisdiction.  *Cloister E., Inc. v. New York State Liquor Auth.*, 563 F. Supp. 3d 90, 102 (S.D.N.Y. 2021) (quoting *Shenandoah v. Halbritter*, 366 F.3d 89, 91 (2d Cir. 2004)).

Under 28 U.S.C. § 158(a), district courts have jurisdiction to hear appeals of orders, judgments, and decrees issued by bankruptcy courts in three instances: (1) where the order, judgment, or decree is final, (2) where an interlocutory order extends or shortens certain procedural time periods, and (3) where the district court grants leave to appeal from an interlocutory order.  When determining whether to consider an interlocutory appeal, a district court generally applies the standard used by appellate courts to determine whether to allow an appeal from a nonfinal order issued by a district court.  *Off. Creditors Comm. of Indus. Ceramics, Inc. v. Indus. Ceramics Assocs.*, 252 B.R. 296, 300 (W.D.N.Y. 2000).  Thus, district courts will grant leave to appeal an interlocutory order from a bankruptcy court if (1) the order involves a controlling question of law about which "there is substantial ground for difference of opinion," and (2) the "immediate appeal from the order may materially advance the ultimate termination of the litigation." *Gache v. Balaber–Strauss*, 198 B.R. 662, 664 (S.D.N.Y.1996); *see also In re Club Ventures Invs. LLC*, 507 B.R. 91, 97 (S.D.N.Y. 2014) (outlining the same criteria listed in *Gache*).

4

### III.   __DISCUSSION__

Appellees argue that the order in question does not satisfy the criteria for allowing appeal of an interlocutory order, and thus this court is without subject matter jurisdiction. Mr. Simone does not argue that the ruling is final such that he may appeal as of right, but he does argue that the court still should exercise its discretion to hear this interlocutory appeal.

The court declines to grant leave to appeal.  The court will accept for purposes of this discussion that there is an open question of controlling law presented in Appellees' claim for civil damages.  A review of the ruling in question shows that Mr. Simone's arguments in the Motion for Leave do incorporate some objections to the bankruptcy court's findings of fact, but even the bankruptcy court acknowledged in the subject ruling that relevant authority is inconsistent on certain relevant issues of law.  Therefore, the court will treat the first element of the jurisdictional inquiry (that there is an outstanding issue of controlling law presented) as satisfied.

But the court cannot find that addressing this appeal reasonably might advance the final resolution of the underlying adversarial action.  Mr. Simone has filed four piecemeal appeals of different, but interrelated, rulings from the bankruptcy court.  The instant appeal, at bottom, relates to the question of overall damages, which question was held open in the bankruptcy court's ruling granting Appellees summary judgment on their first six claims.  That summary judgment ruling is the subject of another appeal by Appellant.  The summary judgment ruling, though, relies in part upon the bankruptcy court's prior determination that Mr. Simone had not participated in discovery in good faith, and the consequential imposition of sanctions, including an adverse inference with

respect to the information Mr. Simone had failed to produce.  That imposition of sanctions, though, was the subject of two more appeals from Mr. Simone.  Piecemeal appeals are disfavored because they are likely to generate inefficiencies and waste judicial resources. Here, for example, even if the court were to agree with Appellant that the bankruptcy court erred in denying his motion to dismiss the civil damages claim, there remains the possibility that the court will agree with Appellant on some preliminary point presented in one of his other appeals, which agreement would have obviated the need to rule on this question in the first instance.  And if the court does not ultimately agree with Appellant's position in this appeal, then there would be an unnecessary delay to finally resolving the adversarial action in full and reviewing all disputed issues at once.

Accordingly, the Motion for Leave, ECF No. 2, hereby is **DENIED,** and the Motion to Dismiss, ECF No. 19, hereby is **GRANTED.**  This appeal is dismissed without prejudice to renewal when the bankruptcy court has issued a final judgment, at which time all appeals may be brought at once.    The Clerk of Court is asked, respectfully, to please close this case.

**IT IS SO ORDERED** at Hartford, Connecticut, this 30th day of September, 2024.

_____/s/_____
OMAR A. WILLIAMS
United States District Judge